▄ CIVIC ASSOCIATION AT ROSLYN COUNTRY CLUB, INC., Plaintiff, and MILDRED BROWNSTEIN et al., Individually and on Behalf of All Other Property Owners in the Development Area Known as "Roslyn Country Club", in the Town of North Hempstead, Similarly Situated, Appellants-Respondents, v. LEVITT AND SONS INCORPORATED et al., Respondents-Appellants.— In an action for a declaratory judgment, and for other relief, the defendants appeal from a judgment entered after trial before an Official Referee, and the individual plaintiffs appeal from so much of said judgment as fails to grant all the relief demanded in the complaint. Judgment modified on the law and the facts so as (a) to permit defendants to conduct catered affairs at the clubhouse for nonmembers, and (b) to permit defendants to apply for modification of the injunction from time to time, if so advised, so as to authorize an increase in the dues upon proof of their inadequacy. As so modified, judgment unanimously affirmed,

without costs. Findings of fact insofar as they may be inconsistent herewith are reversed and new findings are made as indicated herein. In our opinion, the proof establishes that the individual plaintiffs have implied easements giving them a first choice to join the club and to use its facilities upon payment of a reasonable fee. The proof further establishes that the club is a commercial venture which, however, must be operated in such manner as not to infringe upon the individual plaintiffs' easements and that the admission of nonresidents to fill the membership rolls, up to a maximum of 668, after residents have been given a reasonable opportunity to join, accords with the intent of the creators of the easements. We further believe that dues of $100, as stated in a brochure distributed by the developer of the property, are prima facie reasonable, absent any proof by defendants that the dues are inadequate to cover taxes, maintenance and operating expenses, and a fair profit to the owner and operator of the club. With respect to the catering of affairs for nonmembers, defendants have the right to engage in that business in such manner and to such extent as does not impair the individual plaintiffs' easements. In our opinion, the evidence does not establish that the holding of such affairs has infringed upon the individual plaintiffs' rights or impaired their easements. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.