Judgment affirmed, without costs. The sales brochure, subdivision maps and commencement of performance by defendants of these representations are sufficient to estop them from denying the existence of easements for the use of this property for the recreational purposes on the terms described in the report of the Official Referee as modified by the Appellate Division
 
 (White
 
 v.
 
 La Due & Fitch,
 
 303 N. Y. 122, 127-128;
 
 Phillips
 
 v.
 
 West Rockaway Land Co.,
 
 226 N. Y. 507;
 
 Hofmann
 
 v.
 
 Hofmann,
 
 172 Misc. 378, affd. 259 App. Div. 820, mod. 283 N. Y. 730). The circumstance that the enjoyment of these privileges is conditioned upon payment of a sum of money to cover taxes, maintenance and operating expenses and a fair profit to the owner and operator of the club premises is not inconsistent with this result
 
 (Wilkinson
 
 v.
 
 Nassau Shores,
 
 1 Misc 2d 917, affd. 278 App. Div. 970, mod. 304 N. Y. 614). No issue is raised concerning defendants ’ obligation to continue to operate this facility for any particular period of time, nor the extent of plaintiffs’ rights in event that operation is discontinued. We hold, without deciding those questions, that for so long as this facility is operated by defendants it must be operated on the terms above mentioned. No opinion.
 

 Concur: Chief Judge Desmond and Judges Dye, Van Voorhis and Foster. Judges Fuld, Froessel and Burke dissent and vote to reverse the judgment appealed from insofar as it modifies the decree made by the Official Referee, dated May 16, 1958, and to reinstate said decree.