■ CIVIC ASSOCIATION AT ROSLYN COUNTRY CLUB, INC., Appellant, et al., Plaintiffs, v LEVITT AND SONS INCORPORATED et al., Defendants. NORDIC LEISURE, INC., Respondent.—In an action in which it was declared, *inter alia,* that (1) the individual plaintiffs, representing themselves and the remainder of 668 property owners in a development area, had an easement to use the facilities of the Roslyn Country Club upon payment of $100 dues and (2) the defendant Levitt and Sons Incorporated (hereinafter Levitt), the former owner of the Roslyn Country Club, and the defendant Henry V. Hermansen, the former lessee and operator of the Roslyn Country Club, and their "successors", could apply, "from time to time, if so advised" for "an increase in the dues upon proof of their inadequacy" *(Civic Assn. v Levitt & Sons,* 7 AD2d 992, *affd* 7 NY2d 894, *rearg denied* 7 NY2d 995), the plaintiff Civic Association at Roslyn Country Club, Inc. (hereinafter the Civic Association) appeals from an order of the Supreme Court, Nassau County (Roncallo, J.), dated August 18, 1987, which, upon the application of Nordic Leisure, Inc. (hereinafter Nordic), the present lessee and operator of the Roslyn Country Club, for an increase in the amount of the dues, (1) appointed a Referee to hear and report as to whether, and to what extent, the $100 dues were inadequate, (2) deferred determination of the plaintiff Civic Association's motion "for an order granting summary judgment dismissing the Petition of Nordic" until "the conclusion and submission of the Referee's report", (3) denied the plaintiff Civic Association's motion to dismiss Nordic's application for an increase in dues for failure to provide proper notice to the 668 property owners, on condition that Nordic

serve "a copy of the Order together with notice of the modification sought by direct mailing to all residents listed in the * * * community directory known as 'The Rancher', published by the Civic Association" at least two weeks prior to the Referee's hearing, and (4) added Robert Saligman as a party to the "proceeding".

Ordered that on the court's own motion, the plaintiff Civic Association's notice of appeal is treated as an application for leave to appeal from so much of the order as appointed a Referee to hear and report as to whether, and to what extent, the $100 dues were inadequate, said application is referred to Justice Mangano, and leave to appeal is granted by Justice Mangano (CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, without costs or disbursements, and Nordic's application for an increase in dues is denied, without prejudice to renewal upon the following terms: (1) the application shall be made by service of a notice of motion and supporting papers (a) by ordinary mail upon all residents listed in the latest bound community directory known as "The Rancher" published by the Civic Association, and (b) personally, upon the personal representative of the estate of Robert Saligman, deceased, or the present owner of the Roslyn Country Club, and upon an officer of the Civic Association, (2) the return date of the motion shall be not less than 14 days after completion of service as set forth in paragraph (1) above, and (3) the notice of motion shall specify the relief requested and be supported by (a) an affidavit of an officer of Nordic, with knowledge of the relevant facts, (b) a copy of the amended judgment of the Supreme Court, Nassau County, dated April 22, 1959, and (c) a statement of actual income and expenses of the Roslyn Country Club for the years 1985, 1986 and 1987, and a statement of projected income and expenses for 1988.

The development surrounding the Roslyn Country Club was built by the defendant Levitt in the late 1940's. In 1956, an action was brought by the 668 resident owners in the development against, *inter alia,* the defendants Levitt and Hermansen, to declare their rights to membership in, and use of, the Roslyn Country Club. Pursuant to an order of this court *(see, Civic Assn. v Levitt & Sons,* 7 AD2d 992, *affd* 7 NY2d 894, *rearg denied* 7 NY2d 995, *supra),* and an amended judgment of the Supreme Court, Nassau County, dated April 22, 1959, it was held, *inter alia,* that (1) each of the 668 resident owners in the development could use the facilities of the Roslyn

Country Club upon payment of $100 dues and (2) the defendants and their successors, could apply "from time to time, if so advised" for "an increase in the dues upon proof of their inadequacy".

The instant application for an increase in dues was made by Nordic, the present operator and lessee of the Roslyn Country Club. Preliminarily, we note that Nordic's application is not a new pleading, but rather is a motion to modify the amended judgment of the Supreme Court, Nassau County, dated April 22, 1959, so as to obtain an increase in the dues based upon proof of their inadequacy. Viewed within this perspective, the "answer and counterclaim" and motion for summary judgment, interposed by the Civic Association in response to Nordic's motion, are mislabeled and constitute nothing more than opposing papers to Nordic's motion.

Turning to the merits of the instant appeal, we are of the view that Nordic's application for an increase in dues must be denied, without prejudice to renewal, because adequate notice of the application was not given to all interested parties. The order appealed from provides, *inter alia,* that the order to show cause which brought on the instant application, "together with notice of the modification sought", be served by direct mail on all the residents listed in a directory known as "The Rancher". This very same language, i.e., "with notice of the modification sought", was utilized by Nordic in 1973 when it applied for an increase in dues by order to show cause dated March 5, 1973. By order dated May 18, 1973, the Supreme Court, Nassau County (Berman, J.), denied Nordic's application, without prejudice, on the ground, *inter alia,* that Nordic's order to show cause dated March 5, 1973, was defective in that it did not provide for service upon the owners in the development of any of the supporting affidavits submitted with the order to show cause *(see,* CPLR 2214). The 1973 order of the Supreme Court, Nassau County, was never appealed from by Nordic and the defect in Nordic's 1973 order to show cause has been repeated verbatim in the instant order appealed from. The order appealed from also directs that Robert Saligman, who at the time was the owner of the Roslyn Country Club, be made a party to the "proceeding". As heretofore noted, the instant application by Nordic was a motion, and not a new action or proceeding. Nevertheless, Saligman should have received notice of Nordic's motion. It appears however, that Saligman has recently died. Consequently, notice of Nordic's motion should be given to the personal representative of his estate, or the new owner of the Roslyn

Country Club. Accordingly, Nordic's motion is denied without prejudice to renew, upon the terms heretofore set forth.

In view of our determination, the first two decretal paragraphs of the order appealed from, which directed a Referee to hear and report on Nordic's motion and deferred a determination of the motion until the submission of the Referee's report, must, of necessity, be deleted as well. However, an order of reference to hear and report is not appealable as of right, but only by permission, since it does not decide the motion and does not adversely affect a substantial right of the parties (cf., *Astuto v New York Univ. Med. Center*, 97 AD2d 805; *Bagdy v Progresso Foods Corp.*, 86 AD2d 589; *Liebling v Yankwitt*, 109 AD2d 780; CPLR 5701 [c]). Accordingly, leave to appeal has been granted by Justice Mangano with respect to the first and second decretal paragraphs of the order appealed from. The instant motion, if renewed by Nordic upon the terms set forth herein, should be determined by the court either (1) on the papers submitted or (2) if necessary, after a hearing by the court, or after a reference to a judicial Hearing Officer to hear and report. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.