■ CIVIC ASSOCIATION AT ROSLYN COUNTRY CLUB, INC., et al., Respondents, v LEVITT AND SONS INCORPORATED et al., Defendants, and NORDIC LEISURE, INC., et al., Appellants. [596 NYS2d 85] —In an action in which it was declared, *inter alia,* that (1) the individual plaintiffs, representing themselves and the other property owners in a development, had an easement to use the facilities of the Roslyn Country Club upon payment of $100 dues, and (2) the defendant Levitt and Sons Incorporated, the former owner of the Roslyn Country Club, and the defendant Henry Hermansen, the former lessee and operator of the Roslyn Country Club, and their successors, could apply, "from time to time, if so advised" for "an increase in the dues upon proof of their inadequacy" *(Civic Assn. v Levitt & Sons,* 7 AD2d 992, *affd* 7 NY2d 894), Nordic Leisure, Inc., the present lessee and operator of the Roslyn Country Club, and the Estate of Robert Saligman, the present owner of the Roslyn Country Club, appeal from so much of an order of the Supreme Court, Nassau County (Marchese, J.H.O.), dated July 9, 1990, as denied their application for an increase in dues.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, to determine the appropriate amount of the increase in dues.

In 1959, this Court held that the "individual plaintiffs have implied easements giving them a first choice to join the [Roslyn Country] club and to use its facilities upon payment of a reasonable fee", and determined that the membership fee of $100 was reasonable at that time. In addition to identifying the plaintiffs' easement, this Court permitted the owner and operator of the club to conduct catered affairs at the clubhouse for nonmembers "to such extent as does not impair the individual plaintiffs' easements" *(Civic Assn. v Levitt & Sons,* 7 AD2d 992, 993, *affd* 7 NY2d 894, *supra).* Since the plaintiffs' easement for the use of the club's facilities exists separate and apart from the operation of the catering business, we find that

the Supreme Court improperly considered income produced by the club's catering operation in determining whether dues paid by the resident members of the club were sufficient to cover costs and to provide a fair profit to the owner and operator of the club with respect to the operation of the recreational facilities. Membership dues in the amount of $100 are now inadequate to cover taxes, maintenance, and operating expenses, including rent and employee salaries, and a fair profit to the owner and operator of the club for the operation of the recreational facilities *(see, Civic Assn. v Levitt & Sons,* 7 AD2d 992, 993, *affd* 7 NY2d 894, *supra).* In view of the foregoing, the Supreme Court is, therefore, directed to determine the appropriate amount of the increase in dues. Thompson, J. P., Rosenblatt, Lawrence and Santucci, JJ., concur.