■ G.G.F. PROPERTIES, L. L. C., Appellant, v YU MI HONG, Respondent. (Action No. 1.) WINSTON TOWER, L. L. C., et al., Respondents, v G.G.F. PROPERTIES, L. L. C., Appellant. (Action No. 2.) [726 NYS2d 454] —In related actions, *inter alia*, for specific performance of a contract for the sale of condominium units, and to quiet title to those condominium units, G.G.F. Properties, L. L. C., the plaintiff in Action No. 1 and the defendant in Action No. 2, appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Posner, J.), entered April 14, 2000, which, among other things, denied its motion for summary judgment, granted the cross motion of the defendant in Action No. 1 for summary judgment dismissing the complaint, and is in favor of the plaintiffs in Action No. 2 and against it.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff in Action No. 1, G.G.F. Properties, L. L. C. (hereinafter GGF), entered into a written contract with the defendant in Action No. 1, Yu Mi Hong (hereinafter Hong), as agent for the condominium owners, to purchase certain condominium units at Vista Tower Condominium for a purchase price of $7 million. Hong and Winston Tower, L. L. C., a plaintiff in Action No. 2, established that while Hong represented to GGF that she had oral authority from the various owners of the units to enter into the contract, she had no written authority. As a result, the contract violated General Obligations Law § 5-703 (2), which requires that "[a] contract * * * for the sale,

of any real property * * * is void unless the contract or some note or memorandum thereof, expressing the consideration, is in writing, subscribed by the party to be charged, *or by his lawful agent thereunto authorized by writing*" (emphasis added) (*see, Commission on Ecumenical Mission & Relations v Roger Gray, Ltd.*, 27 NY2d 457, 465; *Albin v First Nationwide Network Mtge. Co.*, 248 AD2d 417, 419). Since Hong lacked written authority to act on the owners' behalf, the contract of sale is unenforceable (*see,* General Obligations Law § 5-703 [2]).

In any event, GGF repudiated the contract when it demanded a reduction in price, and insisted on that price reduction after it was "vehemently rejected." The repudiation of the contract relieved Hong of any obligation to prove her ability to perform the contract (*see, American List Corp. v US News & World Report,* 75 NY2d 38). Santucci, J. P., Goldstein, Luciano and Adams, JJ., concur.