■ SOL KNOPFF, Appellant, v HUGH JOHNSON, Respondent. [815 NYS2d 242]—

In an action, inter alia, for specific performance of a contract. for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 30, 2004, as granted that branch of the defendant's motion which was for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion which was for summary judgment dismissing the complaint is denied, and the complaint is reinstated.

The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law by offering sufficient evidence to remove any triable issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Absent such a showing, the motion will be denied, irrespective of the sufficiency of the opposing proof (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Golfo v Kycia Assoc., Inc.*, 15 AD3d 540, 541 [2005]).

The defendant failed to demonstrate the absence of a triable issue of fact regarding whether the plaintiff was ready, willing, and able to close in accordance with the fully-executed real estate contract dated May 15, 2003 (*see Kistela v Ahlers*, 22 AD3d 641 [2005]). The papers submitted in support of its motion show the existence of triable issues of fact as to whether the communications and correspondence between the parties after the execution of the contract constituted a counteroffer that was expressly rejected by the defendant (*cf. Winiarski v Duryea Assoc., LLC*, 14 AD3d 697, 698 [2005]), or a repudiation by the plaintiff of the original contract (*cf. G.G.F. Props. v Yu Mi Hong*, 284 AD2d 427 [2001]). Accordingly, the Supreme Court erred in granting that branch of the defendant's motion which was for summary judgment dismissing the complaint. Adams, J.P., Rivera, Skelos and Lifson, JJ., concur. [*See* 5 Misc 3d 1003(A), 2004 NY Slip Op 51173(U) (2004).]