■ ROBERT T. IANNUCCI et al., Respondents, v 70 WASHINGTON PARTNERS, LLC, Appellant, et al., Defendant. [858 NYS2d 322]—

In an action, inter alia, for specific performance of a contract for the sale of a condominium unit, the defendant 70 Washington Partners, LLC, appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated January 19, 2007, which denied its motion for summary judgment dismissing the causes of action for specific performance and to cancel the notice of pendency pursuant to CPLR 6514 (a) or, in the alternative, to cancel the notice of pendency upon the posting of an undertaking pursuant to CPLR 6515.

Ordered that the order is affirmed, with costs.

On May 31, 2005 the plaintiffs (hereinafter the purchasers) entered into a contract to purchase unit PHJ at 70 Washington Street, Brooklyn, from the defendant 70 Washington Partners, LLC (hereinafter the seller), for the sum of $1,530,000. The purchasers paid the seller a down payment of $153,000 upon the execution of the contract. An initial closing date was set for February 27, 2006. In a letter dated February 21, 2006 the

purchasers notified the seller's attorney that the purchaser Sonia O. Ewers examined the property on February 9, 2006 and found a number of unsatisfactory items. The letter from Ewers proposed to schedule a new closing date once this second examination took place. The seller's property manager invited her to examine the property again.

In a letter dated April 3, 2006 the seller's attorney notified the purchasers they were in default for failing to close on February 27, 2006 and stated that "you may cure your default by closing on Thursday, May 4, 2006, at 11:00 A.M.," with time of the essence. The purchasers responded by letter dated April 13, 2006 stating that they were not in default and were willing to close once "the serious deficiencies have been addressed and remedied."

In a letter dated April 27, 2006 the seller's attorney notified the purchasers that the seller "rejected" the assertions made by purchasers in the letter dated April 13, 2006 and advised the purchasers that "in the event that you fail to attend such closing," scheduled for May 4, 2006 and "tender the balance of the purchase price as required under the Purchase Agreement, our client shall exercise its rights contained in the Purchase Agreement and offering plan to terminate the Purchase Agreement and return your contract deposit. Please be guided accordingly." On May 3, 2006 the purchasers wrote a handwritten statement on the letter dated April 27, 2006, signed by each of them, stating that they agreed to accept the return of their contract deposit of $153,000, and forwarded that handwritten statement by facsimile transmission to the seller's attorney.

The seller's attorney, by letter dated May 3, 2006, also forwarded by facsimile transmission, informed the purchasers that if they failed to close on the following day, May 4, 2006, at 11:00 A.M., their contract deposit would be forfeited.

In response, the purchasers' attorney notified the seller's attorney that the parties had "entered into a written agreement, after considerable negotiations, to terminate the Purchase Agreement and refund the contract deposit in the amount of $153,000." Nevertheless, the seller's attorney held a "closing," found the purchasers in default, and refused to refund their contract deposit.

Thereafter, the purchasers commenced the instant action, inter alia, to recover their contract deposit or, in the alternative, for specific performance of the contract of sale. After issue was joined, the seller moved for summary judgment dismissing the purchasers' causes of action for specific performance and to cancel the notice of pendency, on the grounds, inter alia, that

the purchasers were in default of the time-of-the-essence closing date, and that the purchasers were actually seeking the return of their contract deposit. The seller's attorney claimed that the offer to return the down payment, set forth in the letter dated April 27, 2006, was a typographical error.

In opposition, the purchasers stated that once they notified the seller of the defects in the property, the seller's sales manager orally offered to return their down payment and terminate the contract of sale. They claimed that they still wanted to proceed with the purchase, once the defects were cured, but, upon receipt of the letter dated April 27, 2006 offering return of their down payment, they decided it was in their best interests to accept the offer. The purchasers asserted that, once their acceptance of the offer to cancel the contract was rejected, they had no choice but to sue. The purchasers stated that they were still ready, willing, and able to close once the unit was cured of its defects. In support of their claims that there were defects, the purchasers submitted an unsworn architects' report.

The Supreme Court denied the seller's motion. The seller appeals. We affirm.

The seller failed to establish its entitlement to judgment as a matter of law. Its letter dated April 27, 2006 apparently gave the purchasers the option of canceling the contract and seeking return of their down payment. The purchasers accepted that offer. Since the parties did not move for summary judgment with respect to causes of action for the return of the down payment, the question of whether that agreement was binding is not before this Court on this appeal. However, as a result of the letter dated April 27, 2006, the purchasers were no longer on notice that if they failed to close on May 4, 2006 they would be held in default and forfeit their contract deposit.

On May 3, 2006, one day prior to scheduled closing, the seller clarified its position, stating that the failure to appear at the scheduled closing on May 4, 2006 would constitute a default and result in forfeiture of the down payment. However, when requiring performance on a specific date with time of the essence, the seller must give the purchaser reasonable time to perform (*see ADC Orange, Inc. v Coyote Acres, Inc.*, 7 NY3d 484 [2006]; *Woodwork Display Corp. v Plagakis*, 137 AD2d 809 [1988]). A time-of-the-essence letter which does not give the purchaser sufficient time to perform constitutes a nullity (*see 3M Holding Corp. v Wagner*, 166 AD2d 580 [1990]). In the instant case, the seller did not give the purchaser sufficient time to perform (*id.*).

Further, since the seller was the party moving for summary

judgment, it had the burden of demonstrating "the absence of a triable issue of fact regarding whether the plaintiff was ready, willing and able to close" (*Knopff v Johnson,* 29 AD3d 741, 742 [2006]). The seller failed to meet that burden.

Since the seller failed to establish its entitlement to judgment as a matter of law, we need not consider the sufficiency of the purchasers' opposing papers.

The seller's remaining contentions are without merit or need not be addressed in light of our determination.

Motion by the respondents, on an appeal from an order of the Supreme Court, Kings County, dated January 19, 2007, inter alia, to strike stated portions of the appellant's brief on the ground that they refer to matter dehors the record. By decision and order on motion of this Court dated November 2, 2007 (2007 NY Slip Op 82772[U]), that branch of the motion was held in abeyance and was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the branch of the motion which is to strike those portions of the appellant's brief which refer to matter dehors the record is granted, and that matter is stricken from the appellant's brief and has not been considered on the appeal. Skelos, J.P., Santucci, Balkin and Chambers, JJ., concur.