■ BEN NEHMADI, Appellant-Respondent, v E. WILLIAM DAVIS, Respondent-Appellant. [945 NYS2d 122]—

In an action, inter alia, for specific performance of a contract for the sale of real property, (1) the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (McCarty III, J.), entered October 13, 2010, as denied his motion for leave to amend the complaint, among other things, to substitute a cause of action to recover damages for breach of contract in lieu of the cause of action for specific performance, and appointed a referee to hear and report on the items, if any, that must be resolved to achieve specific performance and complete the sale of the premises according to the terms of the contract of sale, and to then advise the Supreme Court when the items were resolved, so that the Supreme Court could thereafter direct the closing of the sale of the premises, and the defendant cross-appeals, as limited by his notice of cross appeal and brief, from stated portions of the same order entered October 13, 2010, which, inter alia, denied those branches of his motion which were for summary judgment dismissing the cause of action for specific performance and on his counterclaim declaring that the plaintiff is in default under

the contract of sale and that he is entitled to retain the down payment, and (2) the plaintiff appeals from so much of an order of the same court entered December 17, 2010, as denied his motion to reject the referee's report and granted the defendant's cross motion to confirm the referee's report, to direct the parties to complete the closing of the sale of the premises within 30 days of the date of the order, and to vacate the notice of pendency filed against the subject property.

Ordered that on the Court's own motion, the plaintiff's notice of appeal from so much of the order entered October 13, 2010, as appointed a referee to hear and report on the items, if any, that must be resolved to achieve specific performance and complete the sale of the premises according to the terms of the contract of sale, and to then advise the Supreme Court when the items were resolved, so that the Supreme Court could thereafter direct the closing of the sale of the premises, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]; *Civic Assn. at Roslyn Country Club v Levitt & Sons*, 143 AD2d 385 [1988]); and it is further,

Ordered that the order entered October 13, 2010, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the order entered December 17, 2010, is affirmed insofar as appealed from, without costs or disbursements.

This case involves a contract to sell real property located in Old Westbury, owned by the defendant (hereinafter the seller), to the plaintiff (hereinafter the buyer). The facts of the case are set forth in a decision and order on a prior appeal (see *Nehmadi v Davis*, 63 AD3d 1125 [2009]), in which this Court reinstated the buyer's cause of action for specific performance upon a determination that the seller, on his previous summary judgment motion, failed to demonstrate that he effectively set a time-of-the-essence closing date for December 13, 2007.

While the prior appeal was pending, the seller moved to cancel the notice of pendency filed in connection with the premises based on the Supreme Court's dismissal of the cause of action for specific performance, and the buyer cross-moved to direct the seller to return the down payment. By order entered June 4, 2009, the Supreme Court granted the seller's motion, and directed the seller to submit, for settlement and signature, a proposed order cancelling the notice of pendency, with notice of settlement. The Supreme Court also granted the buyer's cross motion, and directed the seller to return the down payment within 30 days. Almost one month later, on June 30, 2009, this

Court issued its decision and order determining the prior appeal and reinstating the specific performance cause of action. At that time, however, the Supreme Court's order entered June 4, 2009, was in effect, and remained in effect until the Supreme Court issued an order dated August 28, 2009, granting the seller's motion to vacate so much of the order entered June 4, 2009, as directed him to return the down payment.

In the meantime, approximately 10 days after this Court issued its decision and order dated June 30, 2009, the seller's attorney wrote to the buyer, by letter dated July 9, 2009, advising him that the closing was now scheduled for August 14, 2009, which the seller designated as "the 'Time of the Essence Closing Date,' " and that the buyer risked default by not appearing at the closing. Only the seller's attorney appeared at the scheduled August 14, 2009, closing.

In February 2010 the Supreme Court denied the seller's motion to direct the Nassau County Clerk to cancel the notice of pendency. That motion was denied, however, without prejudice to the seller's "right to move for summary judgment dismissing [the buyer's] cause of action for specific performance upon a showing of a properly noticed time of the essence closing, that [the seller] was ready, willing and able to close and that [the buyer] was in default."

In March 2010 the seller moved, inter alia, for summary judgment dismissing the cause of action for specific performance and on his counterclaim declaring that the buyer was in default and that he was entitled to retain the down payment. The buyer separately moved for leave to amend the complaint, among other things, to substitute a cause of action to recover damages for breach of contract in lieu of the cause of action for specific performance. Both motions included a general prayer for relief and, in opposing the buyer's motion to amend, the seller stated that if the Supreme Court denied his summary judgment motion, then he was ready to immediately close on the property pursuant to the contract of sale.

In an order entered October 13, 2010, the Supreme Court denied the parties' motions and appointed a referee to hear and report on "what, if any, items must be resolved to achieve specific performance and complete the sale of the Premises by the defendant to plaintiff according to the terms of the contract of sale between the parties . . . . [The referee] shall then report to this Court when such items have been resolved and the Court shall thereafter order the closing of the sale of the Premises." Following submissions by the parties to the referee and an inspection of the premises, the referee reported to the Supreme

Court that there were no outstanding matters that needed to be resolved to achieve specific performance and complete the sale of the premises. In an order entered December 17, 2010, the Supreme Court denied the buyer's motion to reject the referee's report, granted the seller's cross motion to confirm the report, directed the parties to complete the closing within 30 days of the date of the order, and vacated the notice of pendency filed against the subject property.

The buyer now argues that the Supreme Court was without authority to appoint the referee, as neither party requested such relief in their respective motions. The buyer's argument is without merit.

"The court may grant relief, pursuant to a general prayer contained in the notice of motion or order to show cause, other than that specifically asked for, to such extent as is warranted by the facts plainly appearing [in] the papers on both sides. It may do so if the relief granted is not too dramatically unlike the relief sought, and if the proof offered supports it and the court is satisfied that no one has been prejudiced by the formal omission to demand it specifically (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2214:5 at 84). Whether to grant such relief is discretionary with the court" (*HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d 774, 774-775 [1991] [citations omitted]; *see Tirado v Miller*, 75 AD3d 153 [2010]).

Here, the relief granted was not unrelated to the relief actually sought (*cf. Condon v Condon*, 53 AD2d 622 [1976]), particularly where the seller's opposition to the buyer's motion included a request that, should the seller's summary judgment motion be denied, the court "set[ ] an immediate time and place for closing." Moreover, the buyer was not prejudiced by the formal omission to demand the appointment of a referee specifically (*see HCE Assoc. v 3000 Watermill Lane Realty Corp.*, 173 AD2d at 774-775; *see also Mastandrea v Pineiro*, 190 AD2d 841 [1993]; *cf. Goldstein v Haberman*, 183 AD2d 807 [1992]).

Contrary to the buyer's contention, the Supreme Court did not improvidently exercise its discretion in denying his motion for leave to amend the complaint. The buyer, inter alia, offered no reasonable excuse for the 32-month delay in moving for leave to amend the complaint, despite his admission that the facts supporting the proposed cause of action to recover the down payment for altering the premises, based on a theory of breach of contract, were known to him at the time he served the original complaint (*see Young v A. Holly Patterson Geriatric Ctr.*, 17 AD3d 667 [2005]; *Castagne v Barouh*, 249 AD2d 257 [1998]).

The seller contends that the Supreme Court erred in denying those branches of his motion which were for summary judgment dismissing the cause of action for specific performance and on his counterclaim. We disagree.

While the seller corrected the defects that were the subject of the prior appeal, in order to establish his prima facie entitlement to judgment as a matter of law on the motion, the seller had to establish that he was ready, willing, and able to close on the August 14, 2009, closing date (*see Nehmadi v Davis*, 63 AD3d at 1128), and, as the party moving for summary judgment, he had the burden of demonstrating " 'the absence of a triable issue of fact regarding whether the plaintiff was ready, willing and able to close' " (*Iannucci v 70 Washington Partners, LLC*, 51 AD3d 869, 872 [2008], quoting *Knopff v Johnson*, 29 AD3d 741, 742 [2006]).

Here, the seller's moving papers made no reference to the Supreme Court's order entered June 4, 2009, directing him to return the buyer's down payment. "Even if [the seller] believed that the prior order[ ] [was] erroneous, [he] was obligated, in the absence of a stay, to obey the court's mandate, until the order[ ] [was] vacated or reversed" (*Kampf v Worth*, 108 AD2d 841, 842 [1985]; *see Wolstencroft v Sassower*, 212 AD2d 598, 599 [1995]). As noted above, that order was not vacated until two weeks after the scheduled closing date of August 14, 2009. Inasmuch as the seller, at the time of the closing, had failed to comply with the outstanding Supreme Court order or have it vacated, he did not demonstrate a prima facie entitlement to judgment as a matter of law. Therefore, the Supreme Court properly denied those branches of the seller's motion which were for summary judgment dismissing the cause of action for specific performance and on his counterclaim, regardless of the sufficiency of the opposing papers (*see generally Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Since the Referee's findings are supported by substantial evidence in the record, and the Referee clearly defined the issues and resolved matters of credibility, the report was properly confirmed (*see Matter of Lipsky v Koplen*, 282 AD2d 462, 463 [2001]).

The parties' remaining contentions are without merit. Angiolillo, J.P., Dickerson, Austin and Cohen, JJ., concur.