■ POINT HOLDING, LLC, Respondent, v SAMANTHA CRITTENDEN, Appellant. [990 NYS2d 575]—

In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Weiss, J.), dated September 20, 2012, as denied that branch of her motion which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

Where, as here, a defendant seller is the party moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property, he or she has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close (*see Revital Realty Group, LLC v Ulano Corp.*, 112 AD3d 902, 904 [2013]; *Nehmadi v Davis*, 95 AD3d 1181, 1185 [2012]; *Iannucci v 70 Washington Partners, LLC*, 51 AD3d 869, 871-872 [2008]; *Knopff v Johnson*, 29 AD3d 741, 742 [2006]). Moreover, the seller must demonstrate, prima facie, that the buyer was in default (*see Nehmadi v Davis*, 63 AD3d 1125, 1128 [2009]; *Iannucci v 70 Washington Partners, LLC*, 51 AD3d at 871-872).

Here, the defendant seller failed to meet her burden. Contrary to her contention, she failed to demonstrate, prima facie, that the plaintiff buyer repudiated the contract by refusing to close absent a reduction in the purchase price (*see Latora v Ferreira*, 102 AD3d 838, 840 [2013]; *Knopff v Johnson*, 29 AD3d at 742; *cf. G.G.F. Props. v Yu Mi Hong*, 284 AD2d 427 [2001]).

Moreover, the defendant failed to demonstrate, prima facie, that the plaintiff refused to close in accordance with Paragraph 15 of the contract of sale, which provided that "[c]losing shall take place . . . on or ABOUT FORTY-FIVE (45) DAYS FROM DATE HEREOF." When, as here, a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance (*see Revital Realty Group, LLC v Ulano Corp.*, 112 AD3d at 904). What constitutes a reasonable time to perform turns on the circumstances of the case (*see id.*). Time may be made of the essence by clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act (*see id.*; *Zev v Merman*, 134 AD2d 555, 557 [1987], *affd* 73 NY2d 781 [1988]). Moreover, notice must be given that, if the other party does not perform by the designated date, it will be considered in

default (*see Decatur [2004] Realty, LLC v Cruz*, 73 AD3d 970, 971 [2010]; *Nehmadi v Davis*, 63 AD3d at 1127). A party need not state specifically that time is of the essence, as long as the notice specifies a time on which to close and warns that failure to close on that date will result in default (*see Westreich v Bosler*, 106 AD3d 569, 569 [2013]). Here, the seller did not set a closing date and warn that failure to close on that date would result in default. Thus, the defendant failed to demonstrate her prima facie entitlement to judgment as a matter of law dismissing the cause of action for specific performance. Accordingly, that branch of the motion was properly denied, regardless of the sufficiency of the opposing papers (*see Iannucci v 70 Washington Partners, LLC*, 51 AD3d at 872). Contrary to the defendant's contention, the Supreme Court did not improperly base its determination, in part, on its finding that there were triable issues of fact as to whether the plaintiff was entitled to an abatement of the purchase price pursuant to General Obligations Law § 5-1311.

The defendant contends that the Supreme Court erred in denying that branch of her motion which was for summary judgment dismissing the cause of action to recover damages for breach of contract because the plaintiff submitted only hearsay evidence in opposition. This contention is improperly raised for the first time on appeal and, therefore, is not properly before this Court (*see Williams v Bayley Seton Hosp.*, 112 AD3d 917, 919 [2013]). Contrary to the defendant's contention, the issue does not involve a question of law appearing on the face of the record which could not have been avoided by the Supreme Court if brought to its attention (*see Vargas v Crown Container Co., Inc.*, 114 AD3d 762, 764 [2014]). Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.