Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC (2018 NY Slip Op 06548)





Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC


2018 NY Slip Op 06548


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
SHERI S. ROMAN
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2015-12373
2016-02609
 (Index No. 15551/13)

[*1]Ornstein Leyton Realty, LLC, respondent, 
v
Central Islip Associates, LLC, appellant.


Rosenberg Calica & Birney LLP, Garden City, NY (Ronald J. Rosenberg, Lesley A. Reardon, and John S. Ciulla of counsel), for appellant.
Certilman Balin Adler & Hyman LLP, Hauppauge, NY (Glenn B. Gruder of counsel), for respondent.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated December 3, 2014, and (2) an order of the same court dated September 30, 2015. The order dated December 3, 2014, insofar as appealed from, denied the defendant's motion for summary judgment dismissing the complaint without prejudice to renew. The order dated September 30, 2015, denied the defendant's renewed motion for summary judgment dismissing the complaint.
ORDERED that the order dated December 3, 2014, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated September 30, 2015, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On March 25, 2013, the plaintiff, as purchaser, and the defendant, as seller, executed a contract for the sale of real property (hereinafter the premises) located in the Town of Islip for the purchase price of $4,000,000. The premises was part of a larger parcel owned by the defendant, and the entire property was encumbered by certain mortgages held by nonparty TD Bank, N.A. (hereinafter the lender) in the total sum of $7,250,000. The contract of sale provided that the defendant's obligations thereunder were conditioned upon the defendant obtaining the consent of the lender to release the premises from the mortgage lien. The contract further provided, inter alia,
that the defendant "shall make a diligent and good faith effort to obtain such release and shall agree to apply $2,000,000.00 of the Purchase Price in reduction of the mortgage." The defendant was granted up to four weeks from the date of execution of the contract of sale to obtain the lender's consent to the release, at which time, if it had not been obtained, either party had the right to terminate the contract by written notice no later than three business days after the end of the four-week period.
By letter dated June 11, 2013, the defendant notified the plaintiff that it had been unable to obtain the consent of the lender to release the premises from the mortgage lien in accordance with the terms of the contract and, therefore, it was electing to terminate the contract of sale. The plaintiff rejected the defendant's attempt to terminate the contract on the grounds that the defendant's notice of termination was untimely and, in any event, the defendant had failed to show that it had made a diligent and good faith effort to obtain the lender's consent to release the premises from the lien. On June 14, 2013, the plaintiff commenced this action for specific performance of the [*2]contract of sale. In an order dated December 3, 2014, the Supreme Court, inter alia, denied the defendant's motion for summary judgment dismissing the complaint without prejudice to renew. In an order dated September 30, 2015, the court denied the defendant's renewed motion for summary judgment dismissing the complaint.
"Where, as here, a defendant seller is the party moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property, he or she has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close" (Point Holding, LLC v Crittenden, 119 AD3d 918, 919; see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904; Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 871-872; Knopff v Johnson, 29 AD3d 741, 742). Here, the defendant failed to meet its initial burden of demonstrating, prima facie, that the plaintiff was not ready, willing, and able to close (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533-534; Revital Realty Group, LLC v Ulano Corp., 112 AD3d at 904; Iannucci v 70 Wash. Partners, LLC, 51 AD3d at 872). Furthermore, the defendant failed to eliminate all triable issues of fact, among other things, as to whether it made a good faith effort to obtain the release of the lien on the premises from the lender (cf. 9 Bros. Bldg. Supply Corp. v Buonamicia, 299 AD2d 529, 530), and whether it waived the right to terminate the contract on this ground.
The defendant's remaining contentions are without merit.
Accordingly, since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we agree with the Supreme Court's determination denying the defendant's motion and renewed motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiff's remaining contentions.
SCHEINKMAN, P.J., ROMAN, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court