Brickstone Group, Ltd. v Randall (2019 NY Slip Op 03313)





Brickstone Group, Ltd. v Randall


2019 NY Slip Op 03313


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2016-11836
 (Index No. 509860/14)

[*1]Brickstone Group, Ltd., appellant,
v
Clifford Randall, respondent.


Ginsburg & Misk, LLP, Queens Village, NY (Hal R. Ginsburg of counsel), for appellant.
Vernon & Ginsburg, LLP, New York, NY (Bari Wolf and Mel B. Ginsburg of counsel), for respondent.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated October 27, 2016. The order granted the defendant's renewed motion for summary judgment dismissing the complaint and to cancel the plaintiff's notice of pendency.
ORDERED that the order is affirmed, with costs.
On or about April 3, 2014, the plaintiff (hereinafter the buyer) and the defendant (hereinafter the seller) entered into a contract for the sale of the seller's 50% interest in real property by quitclaim deed. The contract provided that a closing would occur within 30 days. By letter dated May 6, 2014, the seller informed the buyer that if the buyer did not close by June 5, 2014, the contract would be cancelled and the downpayment forfeited. The closing date was set for 10:00 a.m. on June 5, 2014, at the office of the seller's attorney, with "time of the essence." On that date, the buyer failed to appear for the closing, and the seller declared the contract cancelled and the downpayment forfeited. Thereafter, the buyer commenced this action, inter alia, for specific performance, and after issue was joined, the seller moved, among other things, for summary judgment dismissing the complaint. In an order dated March 23, 2016, the Supreme Court denied the motion, with leave to renew. In the order appealed from, the court granted the seller's renewed motion for summary judgment dismissing the complaint and to cancel the notice of pendency. The buyer appeals.
"To prevail on a cause of action for specific performance of a contract for the sale of real property, a . . . purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475; see Liberty Equity Restoration Corp. v Maeng-Soon Yun, 160 AD3d 623, 626). "Where . . . a defendant seller is the party moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property, he or she has the burden of demonstrating the absence of a [*2]triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close" (Point Holding, LLC v Crittenden, 119 AD3d 918, 919; see Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904; Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 871-872; Knopff v Johnson, 29 AD3d 741, 742).
Here, the seller showed that he properly set a law day for closing and indicated that time was of the essence, by providing a " clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act'" (Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389, quoting Ben Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781; see Decatur [2004] Realty, LLC v Cruz, 73 AD3d 970, 971). The seller further established, prima facie, that the buyer was in default when it failed to appear, and was not ready, willing, and able to close on that date (see 130 Third St. Loft, LLC v HKF, Inc., 164 AD3d 724, 725; Sutphin Mgt. Corp. v REP 755 Real Estate, LLC, 73 AD3d 738, 742). In opposition, the buyer failed to raise a triable issue of fact.
Further, the seller was entitled to summary judgment dismissing the cause of action to recover damages for breach of contract. Where the proof establishes that a purchaser of real property was ready and willing to proceed, yet the vendor "failed to perform, in bad faith, or willfully disregarded the contract, the purchaser may recover the loss of his or her bargain" (Musick v 330 Wythe Ave. Assoc., LLC, 41 AD3d 675, 676; see BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am., 247 AD2d 565, 568-569). Here, however, the seller established that this was not the case, and the buyer raised no triable issues of fact in opposition to that showing.
The contract provided that the seller was to provide a quitclaim deed, and the seller established that he was ready, willing, and able to do so. Consequently, he is entitled to retain the downpayment (see 533 Park Ave. Realty, LLC v Park Ave Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 746-747). The buyer was to provide a title report to the seller setting forth any defects in title, but the buyer failed to do so until more than a year after the time-of-the-essence closing date. Therefore, the seller's alleged failure to address alleged defects in that report is not a basis for directing return of the downpayment.
The buyer's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant the seller's renewed motion for summary judgment dismissing the complaint and to cancel the notice of pendency.
RIVERA, J.P., ROMAN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court