Islam v Destefano (2019 NY Slip Op 07772)





Islam v Destefano


2019 NY Slip Op 07772


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2017-05021
2017-05053
 (Index No. 863/10)

[*1]Mohammad Islam, respondent,
v
Christopher Destefano, appellant.


Edward Harold King, PLLC, Brooklyn, NY, for appellant.
Domenick Napolitano, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Martin Schneier, J.H.O.), dated December 7, 2016, and (2) an order of the same court (Wayne Saitta, J.), dated April 20, 2017. The order dated December 7, 2016, granted the plaintiff's motion to restore the action to active status. The order dated April 20, 2017, denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the orders are affirmed, with one bill of costs.
The plaintiff, as purchaser, and the defendant, as seller, entered into a contract for the sale of real property. The contract provided that the closing would take place on April 17, 2000, "or, upon reasonable notice (by telephone or otherwise) by Purchaser," but time was not made of the essence. The closing never occurred. The plaintiff subsequently commenced this action, inter alia, for specific performance. The action languished for a number of years. In 2015, the parties entered into a stipulation extending the time to file a note of issue. A note of issue was never filed and the action was subsequently marked disposed. Thereafter, the plaintiff moved to restore the action to active status, and that motion was granted in an order dated December 7, 2016. The defendant then moved for summary judgment dismissing the complaint. In an order dated April 20, 2017, the Supreme Court denied the defendant's motion. The defendant appeals from both orders.
We agree with the Supreme Court's determination granting the plaintiff's motion to restore the action to the active calendar. It is undisputed that CPLR 3404 does not apply to this pre-note of issue action and that there was neither a 90-day notice pursuant to CPLR 3216, nor an order dismissing the complaint pursuant to 22 NYCRR 202.27 (see US Bank N.A. v Madero, 154 AD3d 795, 795; WM Specialty Mtge., LLC v Palazzollo, 145 AD3d 714, 715; JPMorgan Chase Bank, N.A. v Mehrnia, 143 AD3d 946, 947). The defendant's contention regarding the application of Kings County Supreme Court Uniform Civil Term Rules, Part E, raised for the first time on appeal, is not properly before this Court.
Furthermore, we agree with the Supreme Court's determination denying the [*2]defendant's motion for summary judgment dismissing the complaint. " Where, as here, a defendant seller is the party moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property, he or she has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close'" (Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC, 165 AD3d 683, 685, quoting Point Holding, LLC v Crittenden, 119 AD3d 918, 919; see Brickstone Group, Ltd. v Randall, 172 AD3d 671, 672). Here, the defendant failed to meet its initial burden of demonstrating, prima facie, that the plaintiff was not ready, willing, and able to close (see Pesa v Yoma Dev. Group, Inc., 18 NY3d 527, 533-534; Finklestein v Lynda, 166 AD3d 948, 949; Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC, 165 AD3d at 685). Contrary to the defendant's contention, he did not establish his prima facie entitlement to judgment as a matter of law based upon the plaintiff's failure to appear at the closing on April 17, 2000, where neither the contract nor any other evidence in the record indicates that time was made of the essence (see Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389; Point Holding, LLC v Crittenden, 119 AD3d at 919-920; Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904; cf Zelmanovitch v Ramos, 299 AD2d 353, 353-354). Finally, the defendant failed to eliminate all triable issues of fact regarding the sale of the subject property to an LLC in 2015, and his ability to convey the property to the plaintiff (see generally Northern Operating Corp. v Anopol, 25 AD2d 551).
Accordingly, we affirm the orders.
BALKIN, J.P., COHEN, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court