## 313 43rd St. Realty LLC v TMS Enters. LP

2026 NY Slip Op 30865(U)

March 6, 2026

Supreme Court, Kings County

Docket Number: Index No. 512785/2015

Judge: Robin K. Sheares

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# Supreme Court of the State of New York
# County of Kings

PRESENT: HONORABLE ROBIN K. SHEARES, J.S.C.

-------------------------------------------------------------------------X

313 43rd STREET REALTY LLC,

                              Plaintiff,

                -against-

TMS ENTERPRISES LP, 313 43rd STREET REALTY
ASSOCIATES LTD., and STEVEN G. LEGUM

                           Defendants.

-------------------------------------------------------------------------X

Index No.: 512785/2015

**ORDER**

       After two decisions and orders of the Appellate Division, Second Department—dated July 5, 2018 ("2018 Order") (NYSCEF #49), and April 26, 2023 ("2023 Order") (NYSCEF #90)—addressing three prior orders of the Supreme Court Kings County ("Supreme Court") dated February 19, 2016, March 16, 2016, and October 31, 2019, this matter proceeded to a bench trial before this Court on May 7, 8, and 10, 2024.

       The Second Department clarified the legal standard governing the parties' competing claims regarding entitlement to the down payment. The 2018 Order affirmed the Supreme Court's prior determination denying the Defendants-Sellers' motion for summary judgment dismissing the complaint and clarified the issues to be determined at trial. The Second Department stated: "As a general rule, to prevail on a cause of action for the return of a down payment on a contract for the sale of real property, the evidence must demonstrate that the seller was not ready, willing and able to perform on the law day" (*see Cohen v. Kranz; 313 43rd St. Realty, LLC v. TMS Enters.*, 163 AD3d at 514, LP; *Imperatore v. 329 Menahan St., LLC*, 163 AD3d at 514).

[* 1]

The Second Department further stated: "Similarly, to prevail on a cause of action that a buyer breached a contract of sale and that the seller was entitled to retain the down payment, the seller must establish that he or she was ready, willing, and able to close on the law day" (*see 533 Park Ave. Realty, LLC v. Park Ave. Bldg. & Roofing Supplies, LLC,* 156 AD3d 744, 746-747; *Nehmadi v. Davis,* 95 AD3d 1181, 1185). Accordingly, the central issue for determination at trial was whether the Defendants-Sellers were ready, willing, and able to perform on the law day.

At trial, the Plaintiff-Buyer called four witnesses: Barry Shisgal, a venture capital investor; Jeffrey Edelman, the Plaintiff-Buyer's transactional attorney; Yosef Streicher, an investor in 313 43rd Street Realty LLC; and Eli Tabak, owner of the Bluestone Group and a lender in commercial real estate transactions. The Defendants-Sellers called one witness, Terry Lazar ("Lazar"), the managing partner of both defendant entities—serving as principal of the ownership entity and principal of the tenant, a surgical center. The Plaintiff-Buyer also read portions of Lazar's October 18, 2018, examination before trial into the record.

It is undisputed that this action arises from two nearly identical contracts of sale, both executed on June 25, 2015. The total down payment was $680,000.00 (six hundred and eighty thousand dollars). Of that amount, $200,000.00 (two hundred thousand dollars) was released to the Defendants-Sellers by the Plaintiff-Buyer without consultation with counsel, leaving $480,000.00 (four hundred and eighty thousand dollars) in escrow.

The contracts set an initial closing date of September 8, 2015, which was extended to September 22, 2015, upon release of the $200,000.00 (two hundred thousand dollars). It is undisputed that time was not of the essence with respect to September 22, 2015.

Two principal disputes were explored at trial:

[* 2]

(1) that the lease associated with the premises was terminated by Lazar one day after contract execution, but the Plaintiff-Buyer was not informed of this termination until July 8, 2015—one day after the $200,000.00 (two hundred thousand dollars) was released; and

(2) that on September 25, 2015, three days after the extended closing date, the Defendants-Sellers' attorney sent a time-of-the-essence letter by regular mail scheduling a closing for October 7, 2015.

The parties do not dispute the existence of the two written contracts. The contracts contained an offer, acceptance, consideration, and mutual assent—thereby forming valid and enforceable agreements (*see Kowalchuk v. Stroup*, 61 A.D.3d 118, 121 (2d Dept. 2009)). With the agreed extension, the operative law day for purposes of performance was September 22, 2015.

Although substantial testimony focused on collateral disputes, this Court's determination turns on whether the Defendants-Sellers were ready, willing, and able to close on September 22, 2015 – the only date that there exists a meeting of the minds; a valid contract.

Upon consideration of the testimony and evidence presented, the Court finds that the Defendants-Sellers failed to establish that they were ready, willing, and able to close on that date. The evidence demonstrated that no closing occurred on September 22, 2015. The Defendants-Sellers presented no documentary or testimonial proof that they appeared for closing, tendered performance, or otherwise manifested readiness to close. Instead, three days later—on September 25, 2015—the Defendants-Sellers sent a time-of-the-essence letter scheduling a new closing date of October 7, 2015.

On September 22, 2015, the Defendants-Sellers bore the burden of establishing that

[* 3]

they were ready, willing, and able to perform. They failed to meet that burden.

Accordingly, pursuant to the mandate and controlling legal standard set forth by the Appellate Division, Second Department, this Court finds that the Defendants-Sellers, TMS Enterprises LP, 313 43rd Street Realty Associates LTD., and Steven G. Legum were not ready, willing, and able to close on the law day of September 22, 2015. The Plaintiff-Buyer, 313 43rd Street Realty LLC, is therefore entitled to the return of their full down payment in the amount of $680,000.00 (six hundred and eighty thousand dollars).

Final judgment is awarded in favor of Plaintiff-Buyer and against Defendants-Sellers in the amount of $680,000.00.

This constitutes the decision and order of the Court.

Dated: March 6, 2026

ENTER:

_____
Hon. Robin K. Sheares, J.S.C.

Robin K. Sheares, JSC

[* 4]