■ RICHARD KAMERMAN et al., Appellants, v ANDRE O. DE LA VINA et al., Respondents. [736 NYS2d 627] —In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Hall, J.), entered June 29, 2001, as, after a nonjury trial, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied specific performance to the plaintiffs. The plaintiffs failed to establish that they were ready, willing, and able to close title until the lis pendens on the property was cancelled, and that the underlying action to which the lis pendens related was discontinued (*see, Huntington Min. Holdings v Cottontail Plaza,* 60 NY2d 997; *Petrelli Assoc. v Germano,* 268 AD2d 513). Moreover, since the lis pendens was not cancelled, and the underlying action was not discontinued as of the date of the trial, the Supreme Court was without power to grant specific performance to the plaintiffs, as "equity will not make what may prove to be a futile decree" (*Wells v Meader,* 192 AD2d 827, 828; *see, S.E.S. Importers v Pappalardo,* 53 NY2d 455).

·The plaintiff's remaining contentions are without merit. Smith, J.P., Krausman, Schmidt and Cozier, JJ., concur.