■ ANTHONY ALIPERTI, Appellant-Respondent, v LAUREL LINKS, LTD., et al., Respondents-Appellants, et al., Defendant. [810 NYS2d 921]—

In an action to compel specific performance of a contract for the sale of real property, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Loughlin, J.), dated September 30, 2004, as denied his motion for summary judgment, the defendant Laurel Links, Ltd., cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it, and the defendants Robert Bell and Nancy Bell cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, without costs or disbursements.

A plaintiff seeking specific performance of a contract for the sale of real property bears the burden of demonstrating that he

or she was ready, willing, and able to perform his or her obligations under the contract, regardless of any alleged anticipatory breach by the defendant (*see Realty Equities, Inc. v Walbaum, Inc.,* 18 AD3d 531 [2005]; *Johnson v Phelan,* 281 AD2d 394, 395 [2001]; *Huntington Min. Holdings v Cottontail Plaza,* 96 AD2d 526 [1983], *affd* 60 NY2d 997 [1983]). Unsubstantiated assertions that the funds necessary to perform could be secured, or conclusory assertions that the plaintiff was ready, willing, and able to perform, are insufficient to satisfy this burden (*see Internet Homes, Inc. v Vitulli,* 8 AD3d 438, 439 [2004]). The plaintiff's conclusory assertions in the instant case failed to demonstrate, prima facie, that he was entitled to specific performance of the instant contract (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]).

" 'A contract will be treated as abandoned when one party acts in a manner inconsistent with the existence of the contract and the other party acquiesces in that behavior. That is, the refusal of one party to perform [the] contract amounts to an abandonment of it, leaving the other party to his [or her] choice of remedies, but his [or her] assent to abandonment dissolves the contract so that he [or she] can neither sue for a breach nor compel specific performance' " (*Savitsky v Sukenik,* 240 AD2d 557, 559 [1997], quoting 91 NY Jur 2d, Real Property Sales and Exchange § 146). "The issue of repudiation or abandonment is an issue of fact" (*Bercow v Damus,* 5 AD3d 711, 712 [2004]). The defendants failed to establish, prima facie, that the plaintiff had abandoned the instant contract.

Accordingly, the motion and the cross motions were properly denied. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.