■ JERICHO GROUP LTD., Appellant, v PIONEER MANAGEMENT AND REALTY, LLC, et al., Respondents. [852 NYS2d 110]—

Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 24, 2006, which, to the extent appealed from as limited by the briefs, granted defendants' cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the cross motion denied, and the complaint reinstated. Appeal from order, same court and Justice, entered March 23, 2007, which, to the extent appealable, denied plaintiff's motion to renew, unanimously dismissed as academic.

The cross motion for summary judgment was based on plaintiff's failure to comply with discovery demands. The court instead dismissed the complaint for plaintiff's purported failure to raise a triable issue of fact as to whether it was ready, willing and able to perform the contract. Defendants never did establish a prima facie entitlement to judgment on that ground, or even the absence of a triable issue of fact on that point (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *see also Knopff v Johnson*, 29 AD3d 741 [2006]). Plaintiff's failure to attempt to establish its readiness, willingness and financial ability to perform, while perhaps mistaken, required only denial of its own motion for partial summary judgment.

There were also triable issues of fact as to a modification of the contract of sale by letter agreements between the parties, allegedly made to induce plaintiff to conditionally cancel the contract. Those agreements provided for a payment of $200,000, and were not precluded by the contract's "sole remedy" provision. In light of the alleged modification, the court's focus on the return of the down payment to plaintiff was unfounded. Notably, defendants did not adequately explain the letters plaintiff attached to its motion regarding the modification. Nor did they offer any evidence to contradict plaintiff's position. Indeed, the documents offered by plaintiff support its position that the cancellation of the contract was conditioned on the return of the deposit, payment of $200,000, and sale of the premises to a third party. Concur—Lippman, J.P., Friedman, Williams and Acosta, JJ.