In an action, inter alia, for specific performance of an option to purchase certain real property, the plaintiff appeals from (1) an amended judgment of the Supreme Court, Westchester County (Bellantoni, J.), dated October 3, 2014, which, upon the granting of the motion of the defendants Robert Porpora Realty Corp., Robert Porpora, and Robert Porpora, Inc., and the separate motion of the defendants Mitch Nesheiwat and Gas Land Petroleum, Inc., pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff’s case, is in favor of the defendants and against it dismissing the complaint, and (2) an order of the same court dated September 16, 2015, which denied its application to sign an order to show cause.
Ordered that the amended judgment is affirmed; and it is further
Ordered that the appeal from the order September 16, 2015, is dismissed; and it is further,
Ordered that one bill of costs is awarded to the respondents Robert Porpora Realty Corp., Robert Porpora, and Robert Porpora, Inc.
“A trial court’s grant of a CPLR 4401 motion for judgment as *1046 a matter of law is appropriate where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party” (Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]; see Figueroa v City of New York, 101 AD3d 674 [2012]). “In entertaining such a motion, the trial court must view the evidence in the light most favorable to the opponent, affording him or her every favorable inference which reasonably may be drawn from the evidence” (Gomez v Casiglia, 67 AD3d 965, 966 [2009]).
Here, the Supreme Court properly granted the motion of the defendants Robert Porpora Realty Corp., Robert Porpora, and Robert Porpora, Inc., and the separate motion of the defendants Mitch Nesheiwat and Gas Land Petroleum, Inc. (hereinafter collectively the defendants), pursuant to CPLR 4401 for judgment as a matter of law, made at the close of the plaintiff’s case. The plaintiff failed to meet its prima facie burden of demonstrating its entitlement to specific performance of an option to purchase certain real property because it failed to show that it was the successor in interest to the party that entered into the option agreement, Friendly Service New Rochelle, Inc. (hereinafter Friendly Service). In any event, even if the plaintiff had shown that it was the successor in interest to Friendly Service, it failed to show that it was financially able to purchase the real property in question within a reasonable time after entering into the agreement up until the date of trial (see Djukanovic v D’Amico, 40 AD3d 576 [2007]; Aliperti v Laurel Links, Ltd,., 27 AD3d 675, 676 [2006]; 3M Holding Corp. v Wagner, 166 AD2d 580, 581-582 [1990]; Zev v Merman, 134 AD2d 555, 557 [1987], affd 73 NY2d 781 [1988]; see also Stojowski v D’Sa, 28 AD3d 645 [2006]; Buoninfante v Legacy Dev. USA Corp., 306 AD2d 511 [2003]).
The plaintiff contends that, since the defendants did not raise the affirmative defense of standing in their respective answers, the Supreme Court erred in determining that it failed to establish that it was a party to the agreement at issue. This contention is without merit. At trial, the evidence that supported the defendants’ contention that the plaintiff was not the successor in interest to Friendly Service was elicited from the plaintiff’s own witnesses, without objection from the plaintiff. Where, as here, a variance develops between a pleading and proof admitted at the instance or with the acquiescence of a party, such party cannot later claim that it was surprised or prejudiced (see Murray v City of New York, 43 NY2d 400, 405 [1977]).
*1047 The plaintiff appeals from an order dated September 16, 2015, which denied its application to sign an order to show cause. The order is not appealable as of right (see CPLR 5701; Matter of Mele v Rockland County Bd. of Elections, 108 AD3d 633 [2013]), and we decline to grant leave to appeal. Accordingly, the appeal from the order dated September 16, 2015 must be dismissed.
Mastro, J.P., Chambers, Roman and Barros, JJ., concur.