SECOND DEPARTMENT, JULY, 2017

(July 5, 2017)

■ 1107 PUTNAM, LLC, Respondent, v BEULAH CHURCH OF GOD IN CHRIST JESUS OF THE APOSTOLIC FAITH, INC., Appellant. [58 NYS3d 485]—

In an action for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated January 19, 2016, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant church entered into a contract to sell real property located on Macon Street in Brooklyn (hereinafter the premises) to the plaintiff. The contract provided for a purchase price of $256,000, and specified that after approval of the sale by the Supreme Court and the Attorney General of the State of New York, the closing was to be held "on or before a date determined or allowed" by the Supreme Court "or July 27, 2012, whichever is later." Following the execution of the contract, a title report was ordered, and it revealed several judgments against the premises. Nonetheless, after seeking and obtaining approval of the Attorney General, the parties obtained an order of the Supreme Court dated September 24, 2014, approving the sale.

After the defendant allegedly was unable or unwilling to remove the encumbrances, it delivered a letter dated November 26, 2014, claiming that it was unable to deliver marketable title, and that it was cancelling the contract and returning the down payment. On December 18, 2014, the plaintiff commenced

this action seeking specific performance of the contract. After issue was joined, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals.

To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law (*see E & D Group, LLC v Vialet*, 134 AD3d 981, 982-983 [2015]). Here, on its motion for summary judgment dismissing the complaint, the defendant vendor failed to meet its prima facie burden of establishing that the plaintiff was unable to prove one or more of the elements of its cause of action. The defendant failed to demonstrate the absence of triable issues of fact as to whether the plaintiff purchaser was ready, willing, and able to close (*see Jericho Group Ltd. v Pioneer Mgt. & Realty, LLC*, 48 AD3d 368 [2008]; *Knopff v Johnson*, 29 AD3d 741, 742 [2006]). The defendant also failed to eliminate triable issues of fact with respect to whether it was able to deliver marketable title pursuant to the terms of the parties' contract, and whether the plaintiff defaulted by refusing to close without the removal of title defects (*see S.E.S. Importers v Pappalardo*, 53 NY2d 455, 464-465 [1981]; *cf. Kamerman v De La Vina*, 290 AD2d 537 [2002]).

Accordingly, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the complaint, and its motion was properly denied, regardless of the sufficiency of the opposing papers (*see Iannucci v 70 Washington Partners, LLC*, 51 AD3d 869, 872 [2008]). Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.