Chester Green Estates, LLC v Arlington Chester, LLC (2018 NY Slip Op 03657)





Chester Green Estates, LLC v Arlington Chester, LLC


2018 NY Slip Op 03657


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2015-07222
 (Index No. 6965/14)

[*1]Chester Green Estates, LLC, appellant, 
v
Arlington Chester, LLC, et al., respondents (and a third-party action).


Fabricant Lipman & Frishberg, PLLC, Goshen, NY (Alan S. Lipman of counsel), for appellant.
MacVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Kevin F. Preston of counsel), for respondents.



DECISION & ORDER
In an action for specific performance of two contracts for the sale of real property and for a judgment declaring that the contracts are binding and enforceable, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated March 31, 2015, which granted the defendants' motion for summary judgment dismissing the cause of action for specific performance and, in effect, declaring that the contracts are not binding and are unenforceable, to the extent of directing, in effect, dismissal of the cause of action for specific performance and the entry of a declaration in favor of the defendants, unless the plaintiff appeared at a closing on the contract for the sale of real property located in the Town of Chester upon 10 days' notice by the defendants and was ready, willing, and able to close on that contract.
ORDERED that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the cause of action for specific performance and, in effect, declaring that the contracts are not binding and are unenforceable is denied, and an order of the same court dated May 13, 2015, granting the defendants' application to dismiss the cause of action for specific performance and, in effect, for a declaration in their favor and directing the cancellation of the notice of pendency, is vacated.
On April 28, 2013, the plaintiff and the defendant Arlington Chester, LLC (hereinafter Arlington), entered into two contracts whereby Arlington agreed to sell to the plaintiff real property located on State Route 94 in Orange County. The first contract (hereinafter Contract One) concerned the sale of 287 lots situated in the Town of Chester for a purchase price of $8,620,000. The second contract (hereinafter Contract Two) concerned the sale of 144 lots situated in the Town of Goshen for a purchase price of $4,310,000. The date for closing on Contract One was designated, insofar as relevant here, as "the tenth business day following the expiration of the last day to commence litigation challenging the Town of Chester Planning Board's approval of a map evidencing a five (5) phase subdivision of the Land . . . i.e. 30 days after the filing of said approval with the Town of Chester Clerk, provided no such timely litigation is commenced, time being of the essence." The date for closing on Contract Two was designated as the first business day of the 37th month following the closing on Contract One. Contract One further provided for a deposit in three [*2]installments with the third installment in the amount of $800,000 to be paid "by 12 pm on the day that the Seller is scheduled for a Town of Chester Planning Board meeting to receive the aforementioned subdivision approval."
On September 9, 2013, Arlington's counsel notified the plaintiff that the subdivision had been approved, and that he anticipated a closing date on Contract One by October 18, 2013. The letter indicated that there were several conditions to be met prior to the filing of the subdivision map, including the posting of two performance bonds, which counsel suggested should be done by the plaintiff. The letter also demanded the third deposit installment by September 17, 2013. On September 13, 2013, the plaintiff's counsel responded that the Town of Chester Planning Board's resolution was a conditional approval only. He objected to the attempt to make the plaintiff responsible for satisfying the conditions and noted Arlington's noncompliance with a provision of Contract One calling for two weeks' notice of the Planning Board appearance. Counsel also opined that the third installment was not yet due, as the obligation for payment was contingent on the issuance of final subdivision approval. Nevertheless, the plaintiff sent two checks in the total sum of $800,000 to the escrow agent.
When the parties could not agree on who was responsible for satisfying the conditions of subdivision approval, the plaintiff stopped payment on the two checks. On March 20, 2014, Arlington terminated the contracts. Subsequently, the plaintiff commenced this action against Arlington and its sole member, the defendant Wilbur Fried, seeking specific performance and a judgment declaring that the contracts are binding and enforceable. The defendants moved for summary judgment dismissing the cause of action for specific performance and, in effect, declaring that the contracts are not binding and are unenforceable. In an order dated March 31, 2015, the Supreme Court granted the defendants' motion to the extent of directing, in effect, dismissal of the cause of action for specific performance and the entry of a declaration in favor of the defendants, unless the plaintiff appeared at a closing on Contract One upon 10 days' notice by the defendants and was ready, willing, and able to close on that contract. The plaintiff appeals.
After the order appealed from was issued, a closing was scheduled for April 15, 2015, but the scheduled closing did not occur. Thereafter, based on the fact the closing did not occur, the defendants made an application to dismiss the cause of action for specific performance and, in effect, for a declaration in their favor and directing the cancellation of the notice of pendency. In an order dated May 13, 2015, the Supreme Court granted the application.
To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law (see E & D Group, LLC v Vialet, 134 AD3d 981, 982-983). Here, on that branch of their motion which was for summary judgment dismissing the cause of action for specific performance, the defendants failed to meet their prima facie burden of establishing that the plaintiff was unable to prove one or more of the elements of its cause of action. The defendants failed to demonstrate the absence of triable issues of fact as to whether the plaintiff purchaser was ready, willing, and able to close on Contract One (see 1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475; Jericho Group Ltd. v Pioneer Mgt. & Realty, LLC, 48 AD3d 368; Knopff v Johnson, 29 AD3d 741, 742). The defendants also failed to eliminate triable issues of fact with respect to whether they validly cancelled the contracts.
Similarly, since the defendants did not establish that they validly cancelled the contracts, they did not demonstrate their prima facie entitlement to a judgment declaring that the contracts are not binding and are unenforceable.
Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action for specific performance and declaring that the contracts are not binding and are unenforceable, the Supreme Court should have denied the defendants' motion regardless of the sufficiency of the opposing papers (see Winegrad v New York [*3]Univ. Med. Ctr., 64 NY2d 851, 853; Iannucci v 70 Wash. Partners, LLC, 51 AD3d 869, 872). In light of this determination, the subsequent order dated May 13, 2015, granting the defendants' application to dismiss the cause of action for specific performance and, in effect, for a declaration in their favor and directing the cancellation of the notice of pendency must be vacated.
In view of the foregoing, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., COHEN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court