Herzog v Marine (2019 NY Slip Op 01574)





Herzog v Marine


2019 NY Slip Op 01574


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-12684
 (Index No. 18069/14)

[*1]Joel Herzog, et al., respondents,
v
Francisco A. Marine, appellant.


Stern & Stern, Brooklyn, NY (Pamela Smith of counsel), for appellant.
Law Office of Jeffrey Fleischmann, P.C., New York, NY, for respondents.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated October 27, 2016. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action for specific performance.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On March 21, 2014, the plaintiffs and the defendant entered into a contract whereby the defendant would sell to the plaintiffs real property located in Brooklyn. The plaintiffs sent a notice to the defendant dated August 19, 2014, setting a time of the essence closing date of September 22, 2014. The defendant responded with a letter purporting to cancel the contract, asserting that he was unable to transfer title as contemplated in the contract. The plaintiffs rejected this cancellation, and commenced this action. The plaintiffs moved, inter alia, for summary judgment on the cause of action for specific performance, and the Supreme Court granted that branch of the motion. The defendant appeals.
"To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (Chester Green Estates, LLC v Arlington Chester, LLC, 161 AD3d 1036, 1038; see 1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475).
The plaintiffs established their prima facie entitlement to judgment as a matter of law on the cause of action for specific performance (see Chester Green Estates, LLC v Arlington Chester, LLC, 161 AD3d at 1038; 1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d at 475).
In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, paragraph 21(b)(i) of the contract did not permit the defendant to cancel the contract where the defects in title were either waived by the plaintiffs or if the defendant had expressly agreed to remove, remedy, or discharge such defects (see Marsh v Christodoulou, 288 [*2]AD2d 358). The record demonstrates that the defendant had expressly agreed to discharge or remedy all mortgages, governmental violations and orders, and taxes, and the plaintiff timely waived the remaining encumbrance against the property. Therefore, the defendant's purported cancellation of the contract prior to the law date set by the plaintiffs' time of the essence closing notice was not a valid cancellation, but an anticipatory repudiation of the contract (see Peek v Scialdone, 56 AD3d 743; Yitzhaki v Sztaberek, 38 AD3d 535).
The defendant's remaining contentions are improperly raised for the first time on appeal (see Karpen v Golden Jubilee Realty, LLC, 157 AD3d 779, 780; Batales v Friedman, 144 AD3d 849; Arthur Cab Leasing Corp. v Sice Mois Hacking Corp., 137 AD3d 828).
Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiffs' motion which was for summary judgment on the cause of action for specific performance.
DILLON, J.P., LEVENTHAL, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court