GLND 1945, LLC v Ballard (2019 NY Slip Op 04143)





GLND 1945, LLC v Ballard


2019 NY Slip Op 04143


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-06220
2017-07667
 (Index No. 509731/15)

[*1]GLND 1945, LLC, respondent,
v
Dorothy Ballard, appellant.


Thomas Torto, New York, NY, for appellant.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from (1) an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated April 27, 2017, and (2) an order of the same court dated June 29, 2017. The order dated April 27, 2017, granted the plaintiff's motion for summary judgment on the complaint and directed specific performance of a contract to sell certain premises owned by the defendant. The order dated June 29, 2017, insofar as appealed from, denied that branch of the defendant's motion which was for leave to renew her opposition to the plaintiff's motion for summary judgment.
ORDERED that the order dated April 27, 2017, is reversed, on the law, and the plaintiff's motion for summary judgment on the complaint is denied; and it is further,
ORDERED that the appeal from the order dated June 29, 2017, is dismissed as academic in light of our determination on the appeal from the order dated April 27, 2017; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff commenced this action, inter alia, for specific performance of a contract to sell real property, alleging that the defendant agreed to sell certain property to the plaintiff and that the defendant breached the contract. The defendant answered the complaint asserting various defenses, including, in effect, among other things, that her prior attorney fraudulently colluded with the plaintiff to deliver the contract of sale to the plaintiff against the defendant's instructions and without her authorization, and that the plaintiff conspired with the defendant's prior attorney to fraudulently induce the defendant to sell the premises for an amount substantially below fair market value. In an order dated April 27, 2017, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and directed specific performance of the contract of sale. In an order dated June 29, 2017, the court, inter alia, denied that branch of the defendant's motion which was for leave to renew her opposition to the plaintiff's motion. The defendant appeals.
"A plaintiff seeking specific performance of a contract for the sale of real property bears the burden of demonstrating that he or she was ready, willing, and able to perform his or her obligations under the contract" (Aliperti v Laurel Links, Ltd., 27 AD3d 675, 675-676; see Huntington Min. Holdings v Cottontail Plaza, 60 NY2d 997, 998; Realty Equities, Inc. v Walbaum, Inc., 18 [*2]AD3d 531, 531; Internet Homes, Inc. v Vitulli, 8 AD3d 438, 439). "[C]onclusory assertions that the plaintiff was ready, willing, and able to perform, are insufficient to satisfy this burden" (Aliperti v Laurel Links, Ltd., 27 AD3d at 676; see Internet Homes, Inc. v Vitulli, 8 AD3d at 439).
"When a purchaser submits no documentation or other proof to substantiate that it had the funds necessary to purchase the property, it cannot prove, as a matter of law, that it was ready, willing, and able to close" (Fridman v Kucher, 34 AD3d 726, 728; see Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384, 1385; Provost v Off Campus Apts. Co., II, 211 AD2d 850, 851). Thus, in moving for summary judgment on a complaint seeking specific performance of a contract for the sale of real property, a plaintiff purchaser must submit evidence demonstrating its financial ability to purchase the property, and in the absence of such evidence, the motion must be denied (see Grunbaum v Nicole Brittany, Ltd., 153 AD3d at 1385).
Here, the plaintiff failed to establish, prima facie, that it was ready, willing, and able to purchase the subject property. More specifically, the conclusory assertions of Gavriel Yakubov, the alleged sole member of the plaintiff, that he had always been, and remained, ready, willing, and able to close, absent any evidence demonstrating the plaintiff's financial ability to close, were insufficient to establish, prima facie, that the plaintiff was ready, willing, and able to purchase the subject property (see Grunbaum v Nicole Brittany, Ltd., 153 AD3d at 1385; Aliperti v Laurel Links, Ltd., 27 AD3d 675, 676; Singh v Gopaul, 26 AD3d 370; Internet Homes, Inc. v Vitulli, 8 AD3d at 439).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BALKIN, J.P., ROMAN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court