Chowdhury v Thomas (2020 NY Slip Op 04726)





Chowdhury v Thomas


2020 NY Slip Op 04726


Decided on August 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-01902
2017-06223
 (Index No. 503425/16)

[*1]Shameem Chowdhury, appellant, 
v
Robert Thomas, respondent.


Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellant.
Cuddy & Feder LLP, White Plains, NY (Joshua E. Kimerling and Troy D. Lippp of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 28, 2016, and (2) an amended order of the same court dated December 1, 2016. The order and the amended order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the appeal from the order dated November 28, 2016, is dismissed, as that order was superseded by the amended order dated December 1, 2016; and it is further,
ORDERED that the amended order dated December 1, 2016, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The plaintiff alleges that in 1996, he entered into a handwritten contract with Lisence Realty Corp. to purchase certain real property in Brooklyn for $695,000, with a down payment of $3,000. The 1996 contract was never recorded with the City Register Office and, in fact, contained a clause stating that it would become void if recorded.
Nearly 20 years later, on February 29, 2016, the plaintiff contacted the defendant, who obtained title to the property in 2015 pursuant to an order of this Court (see Thomas v Gray, 121 AD3d 1091), seeking to enforce the terms of the 1996 contract. The plaintiff thereafter commenced this action against the defendant for specific performance of the 1996 contract, and for related relief. The defendant moved, inter alia, pursuant to CPLR 3211(a)(1) and (7) to dismiss the amended complaint. The Supreme Court granted that branch of the motion, and the plaintiff appeals.
"Ordinarily, the law will allow the vendor and vendee a reasonable time to perform their respective obligations, regardless of whether they specify a particular date for the closing of title" (Grace v Nappa, 46 NY2d 560, 565). Moreover, "abandonment of a contract need not be express, but may be inferred from the conduct of the parties and the attendant circumstances" [*2](Savitsky v Sukenik, 240 AD2d 557, 559).
Here, even accepting as true the facts alleged in the amended complaint (see Leon v Martinez, 84 NY2d 83, 87-88)—including that the 1996 contract was an enforceable, executory contract for the purchase and sale of the subject property when the contract was entered into—the plaintiff's failure to enforce the contract for a period of nearly 20 years amounts to an abandonment of the contract as a matter of law (see Savitsky v Sukenik, 240 AD2d at 559).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the amended complaint.
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court