Ashkenazi v Miller (2021 NY Slip Op 00140)





Ashkenazi v Miller


2021 NY Slip Op 00140


Decided on January 13, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 13, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2018-03482
 (Index No. 508416/14)

[*1]Ezra Ashkenazi, appellant-respondent, 
v
Bernard Miller, et al., respondents-appellants.


Lazar Grunsfeld Elnadav, LLP, Brooklyn, NY (Gerald Grunsfeld of counsel), for appellant-respondent.
Suslovich & Klein, LLP, Brooklyn, NY (Mark M. Kranz of counsel), for respondents-appellants.



DECISION & ORDER
In an action for specific performance of a contract for the sale of real property, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated February 20, 2018. The order, insofar as appealed from, denied that branch of the plaintiff's cross motion which was for summary judgment on the complaint, and granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency. The order, insofar as cross-appealed from, denied that branch of the defendants' motion which was for summary judgment on their first counterclaim for a judgment declaring that they were entitled to retain the down payment.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, that branch of the defendants' motion which was for summary judgment on their first counterclaim for a judgment declaring that they were entitled to retain the down payment is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment in accordance herewith; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In February 2014, the plaintiff entered into a contract with the defendants to purchase a mixed-use commercial building in Brooklyn. The contract provided that the purchase price was $2,050,000, and that the plaintiff would pay a total down payment of $200,000. The contract provided that closing would take place six months from the date of the contract, which the plaintiff understood to be on or about August 7, 2014. The contract also provided that the property was being sold "as is" and that it was not contingent on the plaintiff obtaining financing as it was an "all cash" transaction. At some point, the plaintiff asked the defendants if they would grant him access to bring bank representatives to inspect the property, so that he could obtain financing. Although the contract did not contain any provisions for such an inspection, the defendants agreed to allow an inspection, which took place in June 2014.
Sometime thereafter, the parties entered into negotiations to adjourn the closing date, but could not agree to the terms. The closing did not take place on August 7, 2014. On August 12, 2014, the defendants' attorney advised the plaintiff's attorney by letter that time was of the essence and that the defendants designated September 3, 2014, at 3:30 p.m. as the closing date and time. The letter further advised that, if the plaintiff failed to appear at the closing, he would be in default and would forfeit all rights under the contract, including the down payment. The plaintiff did not appear at the closing and, on September 4, 2014, the defendants' attorney advised the plaintiff's attorney by letter that the plaintiff was in default and had forfeited the down payment.
The plaintiff commenced this action, seeking specific performance of the contract. In connection therewith, the plaintiff filed a notice of pendency against the subject property. In their answer to the complaint, the defendants asserted counterclaims, including the first counterclaim, which was for a judgment declaring that they were entitled to retain the down payment.
The defendants moved, inter alia, for summary judgment dismissing the complaint and on their first counterclaim, and to cancel the notice of pendency. The plaintiff cross-moved, among other things, for summary judgment on the complaint. The Supreme Court, inter alia, denied that branch of the plaintiff's cross motion which was for summary judgment on the complaint, granted those branches of the defendants' motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency, and denied that branch of the defendants' motion which was for summary judgment on their first counterclaim. The plaintiff appeals, and the defendants cross-appeal.
"To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490; E & D Group, LLC v Vialet, 134 AD3d 981, 982-983). 
"In moving for summary judgment on a complaint seeking specific performance of a contract, the plaintiff purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that it was ready, willing, and able to purchase such property" (Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384, 1385; see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 78 AD3d 1010, 1015). "When a purchaser submits no documentation or other proof to substantiate that it had the funds necessary to purchase the property, it cannot prove, as a matter of law, that it was ready, willing, and able to close" (Fridman v Kucher, 34 AD3d 726, 728; see GLND 1945, LLC v Ballard, 172 AD3d 1330, 1331).
Here, the plaintiff failed to submit evidence that he had the financial ability to purchase the property on the closing date, and, in fact, admitted during his deposition that he did not have sufficient funds. The plaintiff, thus, failed to establish that he was ready, willing, and able to close (see GLND 1945, LLC v Ballard, 172 AD3d at 1331; Fridman v Kucher, 34 AD3d at 728). Accordingly, we agree with the Supreme Court's determination to deny that branch of the plaintiff's cross motion which was for summary judgment on the complaint.
A defendant seller moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close (see Point Holding, LLC v Crittenden, 119 AD3d 918, 919; Revital Realty Group, LLC v Ulano Corp., 112 AD3d 902, 904). Additionally, the seller must demonstrate, prima facie, that the buyer was in default (see Point Holding, LLC v Crittenden, 119 AD3d at 919; Nehmadi v Davis, 63 AD3d 1125, 1128).
"When, as here, a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether [*2]the contract designates a specific date for performance" (Point Holding, LLC v Crittenden, 119 AD3d at 919; see Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389). In order to make time of the essence, "there must be a clear, distinct, and unequivocal notice to that effect giving the other party a reasonable time in which to act" (Zev v Merman, 134 AD2d 555, 557, affd 73 NY2d 781; see Point Holding, LLC v Crittenden, 119 AD3d at 919-920). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (Zev v Merman, 73 NY2d at 783). "Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" (id. at 783). "The determination of reasonableness must by its very nature be determined on a case-by-case basis" (id.).
Here, the defendants established, prima facie, that they effectively made September 3, 2014, a time of the essence closing date, and that, although they were ready, willing, and able to close on September 3, 2014, the plaintiff was not ready, willing, and able to close on that date (see Brickstone Group, Ltd. v Randall, 172 AD3d 671, 672; 130 Third St. Loft, LLC v HKF, Inc., 164 AD3d 724, 725; Pirzada v 159 Express St., LLC, 136 AD3d 778, 778-779). The defendants also established, prima facie, that the plaintiff was in default by demonstrating that the plaintiff did not appear at the closing and admitted that he did not have the funds to close (see 130 Third St. Loft, LLC v HKF, Inc., 164 AD3d at 725; Pirzada v 159 Express St., LLC, 136 AD3d at 778-779; Sutphin Mgt. Corp. v REP 755 Real Estate, LLC, 73 AD3d 738, 741-742). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' motion which were for summary judgment dismissing the complaint and to cancel the notice of pendency.
A buyer "who defaults on a real estate contract without lawful excuse, cannot recover the down payment," at least where, as here, that down payment represents 10% or less of the contract price (Maxton Bldrs. v Lo Galbo, 68 NY2d 373, 378; see Cipriano v Glen Cove Lodge #1458, B.P.O.E., 1 NY3d 53, 62; Bigfoot Media Props., LLC v Cushman In T, LLC, 185 AD3d 772, 773; Pizzurro v Guarino, 147 AD3d 879, 880). Since the defendants established that the plaintiff had defaulted on the contract, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment on their first counterclaim for a judgment declaring that they were entitled to retain the down payment.
Since the first counterclaim sought a declaratory judgment, the matter must be remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendants were entitled to retain the down payment (see Lanza v Wagner, 11 NY2d 317, 334; Sutphin Mgt. Corp. v REP 755 Real Estate, LLC, 73 AD3d at 742-743).
RIVERA, J.P., CHAMBERS, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court