Fink v 218 Hamilton, LLC (2024 NY Slip Op 06026)

Fink v 218 Hamilton, LLC

2024 NY Slip Op 06026

Decided on December 4, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 4, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
DEBORAH A. DOWLING, JJ.

2023-03223
2023-05262
 (Index No. 529371/21)

[*1]Moshe Fink, etc., appellant, 
v
218 Hamilton, LLC, respondent.

Silber Law Firm, LLC, Brooklyn, NY (Meyer Y. Silber of counsel), for appellant.
Altman Schochet LLP, New York, NY (Irena Shternfeld of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Leon Ruchelsman, J.), dated January 4, 2023, as amended by an order of the same court dated May 11, 2023, and (2) the order dated May 11, 2023. The order dated January 4, 2023, as amended, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the contract and granted that branch of the defendant's cross-motion which was for summary judgment dismissing that cause of action.
ORDERED that the order dated January 4, 2023, as amended, is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action for specific performance of the contract, and substituting therefor a provision denying that branch of the cross-motion; as so modified, the order dated January 4, 2023, as amended, is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the appeal from the order dated May 11, 2023, is dismissed as unnecessary (see Vislocky v City of New York, 62 AD3d 785, 785).
In May 2021, the plaintiff entered into a contract with the defendant to purchase certain real property located in Brooklyn. The contract provided that the closing would take place on or before a date 30 days from the expiration of a 60-day mortgage contingency period. The contract also provided, among other things, that the defendant agreed to give the plaintiff the option to have any existing mortgage on the property assigned to the plaintiff's mortgage lender and to cooperate with the plaintiff in this regard. The parties understood the contractual closing date to be on or before August 18, 2021.
The plaintiff obtained two mortgage commitment letters in August 2021; however, the closing did not take place on August 18, 2021. In an email dated August 25, 2021, the plaintiff's attorney asked the defendant's attorney to "provide current lender information so that [the plaintiff] can obtain an Assignment of Mortgage." The plaintiff's attorney sent a follow-up email on October 4, 2021, requesting that the defendant's attorney provide the information as soon as possible. The defendant's attorney provided the requested information on October 4 and 5, 2021. By letter dated [*2]October 5, 2021, the defendant's attorney advised the plaintiff's attorney that time was of the essence, that the defendant designated November 4, 2021, as the closing date, and that the plaintiff would be in default if he failed to appear at the closing. The plaintiff's attorney rejected the defendant's closing date, and the plaintiff did not appear at the closing on November 4, 2021. On November 5, 2021, the defendant's attorney advised the plaintiff's attorney that the plaintiff was in default and that the contract was terminated.
The plaintiff commenced this action, inter alia, for specific performance of the contract. In an order dated January 4, 2023, as amended by an order dated May 11, 2023, the Supreme Court, among other things, denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the contract and granted that branch of the defendant's cross-motion which was for summary judgment dismissing that cause of action. The plaintiff appeals.
"A defendant seller moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close" (Ashkenazi v Miller, 190 AD3d 668, 670-671; see Brickstone Group, Ltd. v Randall, 172 AD3d 671, 672). "Additionally, the seller must demonstrate, prima facie, that the buyer was in default" (Ashkenazi v Miller, 190 AD3d at 671; see 130 Third St. Loft, LLC v HKF, Inc., 164 AD3d 724, 725).
"Where there is an indefinite adjournment of the closing date specified in the contract of sale, some affirmative act has to be taken by one party before it can claim the other party is in default; that is, one party has to fix a time by which the other must perform, and it must inform the other that if it does not perform by that date, it will be considered in default" (Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389 [alterations and internal quotation marks omitted]; see Cave v Kollar, 296 AD2d 370, 371). "The notice setting a new date for the closing must (1) give clear, distinct, and unequivocal notice that time is of the essence, (2) give the other party a reasonable time in which to act, and (3) inform the other party that if he [or she] does not perform by the designated date, he [or she] will be considered in default" (Lashley v BDL Real Estate Dev. Corp., 212 AD3d 800, 801 [internal quotation marks omitted]; see Herman v 818 Woodward, LLC, 218 AD3d 756, 758-759). "It does not matter that the date is unilaterally set, and what constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (Lashley v BDL Real Estate Dev. Corp., 212 AD3d at 801 [alterations, citations, and internal quotation marks omitted]; see Kugel v Reynolds, 228 AD3d 743, 747; Ashkenazi v Miller, 190 AD3d at 671). "Included within a court's determination of reasonableness are the nature and object of the contract, the previous conduct of the parties, the presence or absence of good faith, the experience of the parties and the possibility of prejudice or hardship to either one, as well as the specific number of days provided for performance" (Ashkenazi v Miller, 190 AD3d at 671 [internal quotation marks omitted]). "'[T]he question of what constitutes a reasonable time is usually a question of fact'" (Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d at 1389, quoting Hegeman v Bedford, 5 AD3d 632, 632).
Under the circumstances presented here, the defendant failed to establish, prima facie, that the October 5, 2021 letter designating November 4, 2021, as the time of the essence closing date provided a reasonable time within which to close (see Kok Chai Lee v Robertson, 165 AD3d 639, 640; Marcantonio v Picozzi, 46 AD3d 522, 524; see also Malley v Malley, 52 AD3d 988, 990). Accordingly, the Supreme Court should have denied that branch of the defendant's cross-motion which was for summary judgment dismissing the cause of action for specific performance of the contract.
However, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the cause of action for specific performance of the contract. "To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (Ashkenazi v Miller, 190 AD3d at 670 [*3][internal quotation marks omitted]; see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490). "In moving for summary judgment on a [cause of action for] specific performance of a contract, the plaintiff purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that it was ready, willing, and able to purchase such property" (Ashkenazi v Miller, 190 AD3d at 670 [internal quotation marks omitted]; see MB Shtetl 1 Corp. v Singh, 166 AD3d 604, 605). Here, there are triable issues of fact as to whether the October 5, 2021 letter designating November 4, 2021, as the time of the essence closing date provided a reasonable time within which to close. Moreover, the plaintiff failed to establish, prima facie, that his failure to close on November 4, 2021, did not constitute a breach of the contract of sale (see GLND 1945, LLC v Ballard, 209 AD3d 993, 995; MB Shtetl 1 Corp. v Singh, 166 AD3d at 605).
The plaintiff's remaining contention is without merit.
BARROS, J.P., MALTESE, WOOTEN and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court