534 Flatbush Holdings, LLC v Solaris Props., LLC (2025 NY Slip Op 00207)

534 Flatbush Holdings, LLC v Solaris Props., LLC

2025 NY Slip Op 00207

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
CARL J. LANDICINO, JJ.

2023-00956
 (Index No. 527236/21)

[*1]534 Flatbush Holdings, LLC, et al., respondents,
v
Solaris Properties, LLC, appellant.

Fasulo Giordano & Di Maggio, LLP, New York, NY (Michael E. Giordano of counsel), for appellant.
Menicucci Villa Panzella Calcagno PLLC, Staten Island, NY (Jeremy Panzella of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the defendant appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated December 14, 2022. The order denied the defendant's cross-motion for summary judgment dismissing the complaint, in effect, searched the record and awarded summary judgment to the plaintiff 534 Holding Corp. on the cause of action for specific performance of the contract for the sale of real property, and directed that the provision in the contract requiring the plaintiff 534 Holding Corp. to assume a mortgage against the property held by Arbor Agency Lending, LLC, shall be deemed fully discharged by that plaintiff paying off and satisfying such mortgage at or before the date of the closing.
ORDERED that the order is modified, on the law, by deleting the provisions thereof, in effect, searching the record and awarding summary judgment to the plaintiff 534 Holding Corp. on the cause of action for specific performance of the contract for the sale of real property and directing that the provision in the contract requiring the plaintiff 534 Holding Corp. to assume the mortgage against the property held by Arbor Agency Lending, LLC, shall be deemed fully discharged by that plaintiff paying off and satisfying such mortgage at or before the date of the closing; as so modified, the order is affirmed, without costs or disbursements.
In February 2020, the plaintiff 534 Flatbush Holdings, LLC, entered into a contract with the defendant to purchase a portion of the defendant's mixed-use property located in Brooklyn. Thereafter, in May 2021, the plaintiff 534 Holding Corp. and the defendant entered into a contract whereby 534 Holding Corp. agreed to purchase the entire property (hereinafter the contract). The contract provided that the sale of the property was contingent upon 534 Holding Corp. assuming the defendant's mortgage with Arbor Agency Lending, LLC (hereinafter the Arbor mortgage), or, in the event the mortgage could not be assumed, the parties entering into a ground lease with an option for 534 Holding Corp. to purchase the property (hereinafter the mortgage assumption clause).
In October 2021, the plaintiffs commenced this action, inter alia, for specific performance of the contract. Shortly thereafter, the plaintiffs moved for a preliminary injunction, among other things, enjoining the defendant from transferring the property. The defendant cross-[*2]moved for summary judgment dismissing the complaint, arguing that the contract should be deemed expired by its terms because 534 Holding Corp. could not satisfy the conditions in the contract requiring 534 Holding Corp. to either assume the Arbor mortgage or enter into a ground lease. In an order dated December 14, 2022, the Supreme Court denied the defendant's cross-motion for summary judgment dismissing the complaint, in effect, searched the record and awarded summary judgment to 534 Holding Corp. on the cause of action for specific performance of the contract, and directed that the mortgage assumption clause would be deemed fully discharged by 534 Holding Corp. paying off and satisfying the Arbor mortgage at or before the date of the closing. The defendant appeals.
"'Where, as here, a defendant seller is the party moving for summary judgment dismissing a cause of action for specific performance of a contract for the sale of real property, he or she has the burden of demonstrating the absence of a triable issue of fact regarding whether the plaintiff buyer was ready, willing, and able to close'" (Ornstein Leyton Realty, LLC v Central Islip Assoc., LLC, 165 AD3d 683, 685, quoting Point Holding, LLC v Crittenden, 119 AD3d 918, 919). In addition, the defendant seller must demonstrate, prima facie, that the plaintiff buyer was in default (see Ashkenazi v Miller, 190 AD3d 668, 671; Point Holding, LLC v Crittenden, 119 AD3d at 919).
Here, the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the cause of action for specific performance of the contract. Contrary to the defendant's contention, its submissions did not conclusively demonstrate that 534 Holding Corp. would not have been able to satisfy the subject conditions in the contract prior to closing (see Mendoza v Sterling Props., Inc., 162 AD3d 879, 880). The defendant's submissions were likewise insufficient to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging breach of contract and for injunctive relief. Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law, the defendant's cross-motion for summary judgment dismissing the complaint was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Contrary to the defendant's contention, although the plaintiffs did not move for summary judgment, the Supreme Court had the authority pursuant to CPLR 3212(b) to search the record and award summary judgment to a nonmoving party with respect to an issue that was the subject of the motion before the court (see Dunham v Hilco Constr. Co., 89 NY2d 425, 429-430; Federal Natl. Mtge. Assn. v Katz, 33 AD3d 755, 756). Nevertheless, the court, in effect, upon searching the record, improperly awarded summary judgment to 534 Holding Corp. on the cause of action for specific performance of the contract.
"To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law" (1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475; see Ashkenazi v Miller, 190 AD3d at 670). Here, triable issues of fact existed, inter alia, as to whether 534 Holding Corp. was able to satisfy the subject conditions in the contract, including 534 Holding Corp. assuming the Arbor mortgage, so as to be entitled to specific performance of the contract.
The Supreme Court improperly rewrote the mortgage assumption clause by directing that such condition would be deemed satisfied by 534 Holding Corp. paying off the full amount of the Arbor mortgage. "The fundamental, neutral precept of contract interpretation is that agreements are construed in accord with the parties' intent. The best evidence of what parties to a written agreement intend is what they say in their writing" (Greenfield v Philles Records, 98 NY2d 562, 569 [citation and internal quotation marks omitted]). "When an agreement between parties is clear and unambiguous on its face, it will be enforced according to its terms and without resort to extrinsic evidence" (City of New York v Quadrozzi, 189 AD3d 1342, 1344 [internal quotation marks omitted]). "Accordingly, a court should not, under the guise of contract interpretation, imply a term which the parties themselves failed to insert or otherwise rewrite the contract" (id. [internal quotation marks omitted]; see Himmelberger v 40-50 Brighton First Rd. Apts. Corp., 94 AD3d 817, 819).
Here, as the contract was complete, clear, and unambiguous on its face, and did not provide that the mortgage assumption clause would be satisfied upon 534 Holding Corp. paying off the Arbor mortgage, the Supreme Court improperly rewrote the contract to include such a provision (see City of New York v Quadrozzi, 189 AD3d at 1344; Penavic v Penavic, 88 AD3d 671, 672-673; HGCD Retail Servs., LLC v 44-45 Broadway Realty Co., 37 AD3d 43, 50). Accordingly, the Supreme Court, in effect, upon searching the record, improperly awarded summary judgment to 534 Holding Corp. on the cause of action for specific performance of the contract.
The defendant's remaining contention is without merit.
CONNOLLY, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court