Guzman v Ramos (2025 NY Slip Op 03798)

Guzman v Ramos

2025 NY Slip Op 03798

Decided on June 25, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-07184
 (Index No. 150973/16)

[*1]Marisol Guzman, appellant, 
v
Angelina Ramos, respondent.

Wenig Saltiel, LLP, New York, NY (Dan M. Blumenthal of counsel), for appellant.
Arnold E. DiJoseph, P.C., New York, NY (Arnold E. DiJoseph III of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for specific performance of a contract for the sale of real property, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated August 4, 2022. The order, insofar as appealed from, granted that branch of the defendant's motion which was to confirm a referee's report, denied the plaintiff's cross-motion to reject or modify the referee's report, and, in effect, directed dismissal of the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2015, the plaintiff and the defendant entered into a contract of sale by which the plaintiff was to purchase the defendant's residential property located in Staten Island. The contract of sale provided a closing date of June 15, 2015. The transaction failed to close.
In 2016, the plaintiff commenced this action, inter alia, for specific performance of the contract of sale and to recover damages for breach of contract. The matter was referred to a referee to hear and report, and a trial was conducted. In a report and recommendation dated May 13, 2022, the referee, upon concluding that the plaintiff had failed to prove her entitlement to specific performance and that she had abandoned the contract of sale, recommended that the complaint be dismissed.
The defendant moved, among other things, to confirm the referee's report, and the plaintiff cross-moved to reject or modify the referee's report. In an order dated August 4, 2022, the Supreme Court, inter alia, granted that branch of the defendant's motion, denied the plaintiff's cross-motion, and, in effect, directed dismissal of the complaint. The plaintiff appeals.
CPLR 4403 provides that "[u]pon the motion of any party . . . , the judge required to decide the issue may confirm or reject, in whole or in part, . . . the report of a referee to report'" (see Matter of DeStefano v Law Offs. of William Pager, 232 AD3d 788, 789). "'The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (id., quoting Citimortgage, Inc. v Kidd, 148 AD3d 767, 768).
"'To prevail on a cause of action for specific performance of a contract for the sale of real property, a plaintiff purchaser must establish that it substantially performed its contractual obligations and was ready, willing, and able to perform its remaining obligations, that the vendor was able to convey the property, and that there was no adequate remedy at law'" (Ashkenazi v Miller, 190 AD3d 668, 670, quoting 1107 Putnam, LLC v Beulah Church of God in Christ Jesus of the Apostolic Faith, Inc., 152 AD3d 474, 475). "'[T]he plaintiff purchaser must submit evidence demonstrating financial ability to purchase the property in order to demonstrate that [she] was ready, willing, and able to purchase such property'" (id., quoting Grunbaum v Nicole Brittany, Ltd., 153 AD3d 1384, 1385). Further, where "'a contract for the sale of real property does not make time of the essence, the law permits a reasonable time in which to tender performance, regardless of whether the contract designates a specific date for performance'" (Rodrigues NBA, LLC v Allied XV, LLC, 164 AD3d 1388, 1389, quoting Point Holding, LLC v Crittenden, 119 AD3d 918, 919).
Here, the referee's finding that the plaintiff failed to prove that she had the financial ability to purchase the property within a reasonable time after entering into the contract, despite being denied a mortgage, was substantially supported by the record (see GLND 1945, LLC v Ballard, 172 AD3d 1330, 1331; Armonk Snack Mart, Inc. v Robert Porpora Realty Corp., 138 AD3d 1045, 1046).
Moreover, "[a] contract will be treated as abandoned when one party acts in a manner inconsistent with the existence of the contract and the other party acquiesces in that behavior. That is, the refusal of one party to perform [the] contract amounts to an abandonment of it, leaving the other party to his [or her] choice of remedies, but his [or her] assent to abandonment dissolves the contract so that he [or she] can neither sue for a breach nor compel specific performance" (Aliperti v Laurel Links, Ltd., 27 AD3d 675, 676 [internal quotation marks omitted]). "[A]bandonment of a contract need not be express, but may be inferred from the conduct of the parties and the attendant circumstances" (Chowdhury v Thomas, 186 AD3d 794, 795 [internal quotation marks omitted]; see Brisk v Bloch, 165 AD3d 745, 747).
Here, the referee's finding that the plaintiff abandoned the contract of sale and pursued a new transaction with the defendant in 2016 was substantially supported by the record (see Brisk v Bloch, 165 AD3d at 747).
Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to confirm the referee's report, denied the plaintiff's cross-motion to reject or modify the referee's report, and, in effect, directed dismissal of the complaint.
BARROS, J.P., IANNACCI, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court